UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CV-214-F

| | | |
|---|---|---|
| CASAUNDRA MILLS-CRADDOCK ) | | |
| Plaintiff, ) | | |
| ) | | |
| vs. ) | | ORDER |
| ) | | |
| ROBERT M. GATES, Secretary of Defense ) | | |
| Department of Defense Education Activity ) | | |
| Agency, ) | | |
| Defendant. ) | | |

This matter is before the court on the *pro se* Plaintiff's Motion to Extend Time on Proof of Service [DE-8] and Motion to Accept Proof of Service [DE-9]. The court interprets the motions as responses to the October 15, 2010, Order [DE-7] in this matter directing Plaintiff to show good cause for her failure to effect service on the United States Attorney for the Eastern District of North Carolina and the Attorney General of the United States and directing Plaintiff to file an affidavit showing proof of service as to Defendant Robert M. Gates.

As this court recounted in the October 15, 2010, Order, Plaintiff initiated this action by filing a complaint in this court on May 24, 2010. On September 1, 2010, she filed a copy of a certified mail receipt [DE-4] indicating something–presumably the complaint and summons–was mailed to Defendant Robert M. Gates on June 1, 2010. On October 6, 2010, the Clerk of Court caused Notice [DE-4] to be directed to Plaintiff advising that she had not demonstrated service on all defendants within 120 days from filing the Complaint, and alerting her that, unless she showed good cause why such service was not timely made, this action would be dismissed without prejudice. In response, Plaintiff filed a print-out of Track & Confirm results obtained from the United States Postal Service, showing that the mailing identified in the certified mail

receipt previously filed with this court was delivered on June 4, 2010.

As this court observed in the October 15, 2010, Order, this showing is not sufficient to show that proper service has been obtained in this case. In the October 15, 2010, Order, the court specifically explained that in an action against an agency of the United States or a United States officer sued in his official capacity,[1] the plaintiff must serve process in accordance with Federal Rule of Civil Procedure 4(i)(2)(A). This entails (1) delivering a copy of the summons and complaint to the United States Attorney for the district in which the action is brought, or to an Assistant United States Attorney or clerical employee designated by the United States Attorney, or by sending a copy of the documents by registered or certified mail to the civil process clerk at the office of the United States Attorney; (2) sending a copy of the of the summons and complaint to the Attorney General of the United States by registered or certified mail; **and** (3) sending a copy of the summons and complaint by registered and certified mail to the agency or officer in question. *See* FED. R. CIV. P. 4(i)(1) & (2).

The court recognized in the previous Order that Plaintiff appeared to have mailed some sort of materials to Robert M. Gates, although it was unclear whether those materials were in fact a copy of the summons and complaint. The court also observed, however, that there was no indication that Plaintiff had served the United States Attorney for the Eastern District of North Carolina or the Attorney General of the United States.[2] Nor had Plaintiff offered any explanation for her failure to perfect service on the United States Attorney for the Eastern District of North

---

[1] Although Plaintiff does not so specify, it appears she is suing Robert M. Gates in his official, and not individual, capacity.

[2] Rule 4(l)(1) requires proof of service to be made by a server's affidavit, unless a United States marshal or deputy marshal effects service.

2

Carolina or the Attorney General of the United States.

Nevertheless, the court, in its discretion, allowed Plaintiff an opportunity show cause for her failure to effect timely service, and specifically directed Plaintiff to file a response, on or before November 1, 2010, showing cause for her failure to effect service on the United States Attorney for the Eastern District of North Carolina and the Attorney General of the United States. The court also directed Plaintiff to file an affidavit showing proof of service as to Defendant Robert M. Gates.

On October 18, 2010, Plaintiff filed her Motion to Extend Time on Proof of Service [DE-8] and Motion to Accept Proof of Service [DE-9], both of which ask the court to accept her proffered proof of service on Defendant Robert M. Gates. Plaintiff has failed, however, to offer file any proof of service as to the United States Attorney for the Eastern District of North Carolina or the Attorney General of the United States. She also has failed to offer any explanation for this failure.

Accordingly, Plaintiff's Motions [DE-8] and [DE-9] are DENIED as moot. Even if Plaintiff has effected service on Robert M. Gates, and filed proper proof thereof, she still has failed to effect service on the United States Attorney for the Eastern District of North Carolina <u>and</u> the Attorney General of the United States. Therefore, Plaintiff has failed to effect service as required under Rule 4(i)(1), (2), within the time period prescribed by Rule 4(m), and furthermore has not shown good cause for such failure.[3] Consequently, it is ORDERED that this action is DISMISSED.

---

[3] The court observes that neither Rule 4(i)(4)(A) or (B) provide a ground for curing this defect in service, because the facts in this case do not fall within either subsection.

3

SO ORDERED. This, the 3rd day of November, 2010.

                                                             _____
                                                             James C. Fox
                                                             Senior United States District Judge

4